Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8967 | **DATE** | February 10, 2012 |
| **CASE TITLE** | Hunter vs. Jewel-Osco | | |

**DOCKET ENTRY TEXT**

Plaintiff must either submit an amended application to proceed in forma pauperis with an accurate and complete response to each question, or pay the $350 filing fee, within thirty (30) days of the date of this Order. Hunter's failure to provide further information, or pay the filing fee, will result in dismissal of this case.

■[ For further details see text below.]   Docketing to mail notices.

### ORDER

This case comes before the Court on the motions of Plaintiff Rocky Hunter ("Hunter") to proceed *in forma pauperis*, without prepayment of fees, and for appointment of counsel.

A litigant may proceed *in forma pauperis* if the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Additionally, a district court, in its discretion, may request that an attorney represent a party if the party is unable to afford or obtain counsel and the party is unable to represent himself competently. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Hunter previously filed a financial affidavit in support of his motions. Because the financial affidavit was incomplete, the Court allowed Hunter to submit an amended affidavit.

According to Hunter's amended financial affidavit, he has not been employed since October 2010. Hunter owns a car worth $15,000 and receives approximately $1,280 per month in unemployment benefits. Hunter lives with his mother, niece, and his niece's two children. Hunter purportedly pays $750 per month for rent and provides food and transportation for his niece and her two children. In the previously submitted financial

| ORDER |
|---|

affidavit, Hunter disclosed that he lives in a house owned by his mother. In his amended financial affidavit, Hunter omits this critical disclosure, declaring that no one living with him owns any real estate. His two affidavits, taken together, are contradictory. If Hunter's mother does in fact own the home they live in, then Hunter purportedly pays $750 per month to his mother. The Court permits Hunter one final opportunity to submit an amended financial affidavit clarifying whether his mother owns the property, whether he pays his mother $750 each month and, if so, for how long he has made such payments. Hunter must either submit an amended application with an accurate and complete response to each question, or pay the $350 filing fee, within thirty (30) days of the date of this Order. Hunter's failure to provide further information, or pay the filing fee, will result in dismissal of this case.

Date: February 10, 2012

*Charles P. Kocoras*

**CHARLES P. KOCORAS**
**U.S. District Judge**